UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DARLENE RENEE PERDUE,

    Plaintiff,

v.                              CIVIL ACTION NO: 2:11-cv-0776

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.


MEMORANDUM OPINION AND ORDER

    This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objection to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Mary E. Stanley, entered October 31, 2012.

    Plaintiff Darlene Renee Perdue filed an application for disability insurance benefits on July 20, 2009, alleging disability as of October 27, 1987, due to "agoraphobia, fear of public or people outside, chronic depression, chronic migraines, chronic back pain, left arm arthritis, diabetes, high blood pressure, morbid obesity, chronic anxiety attacks, fear of germs, high blood pressure, diabetes, learning problems, limited

education and overweight." Tr. 150. Her claims were denied initially, as well as upon reconsideration. Upon Perdue's request, a hearing was held before an administrative law judge ("ALJ") on March 2, 2011. By decision dated March 11, 2011, the ALJ determined that Perdue was not entitled to benefits. The ALJ's decision became the final decision of the Commissioner of the Social Security Administration on August 24, 2011, when the Appeals Council denied plaintiff's request for review.

On October 20, 2011, Perdue instituted this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The sole issue before the court is whether the decision denying Perdue's claim for income and benefits is supported by substantial evidence. <u>See</u> 45 U.S.C. § 405(g). By standing order this action was referred to the magistrate judge. In the PF&R, the magistrate judge concludes that the ALJ's decision was supported by substantial evidence and recommends that the Commissioner's decision denying plaintiff benefits be affirmed.

On November 12, 2012, Perdue filed her objections to the PF&R. The objections arise from a discussion between the ALJ and Perdue's representative at the March 2, 2011 hearing. In that discussion, the ALJ commented that there "wasn't much of

a record" in the notes of Perdue's treating physician, Dr. Moanis Omar, regarding agoraphobia or OCD-induced anxiety. Tr. 57. Perdue's attorney then offered to have the doctor make a further statement about the particular conditions or conduct an additional psychological examination. Id. The ALJ declined, observing that an evaluation by psychologist Michelle R. Akers "is pretty thorough" and "consistent with the testimony today." Id.

Perdue's objections merely reiterate the arguments the magistrate judge addressed in the PF&R. Perdue contends that the ALJ failed in his duty to develop the record by not "re-contacting" Dr. Omar with regard to Perdue's agoraphobia and OCD-induced anxiety, or in the alternative, by not ordering a post-hearing consultative examination. Obj. 1. Relatedly, she asserts that the ALJ erred in not specifying what weight he gave to Ms. Akers' evaluation. Id. at 2.

## II.

In reviewing the PF&R of a magistrate judge de novo, the court considers whether the magistrate judge effectively applied the substantial evidence standard. Our court of appeals

has noted the deference governing such substantial evidence review, observing that substantial evidence is that

> which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of <u>more than a mere scintilla of evidence but may be somewhat less than a preponderance</u>. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

<u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966) (emphasis added). Once the court finds that substantial evidence supports the decision, the inquiry ends. <u>Id.</u> "In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." <u>Id.</u> (quoting <u>Walker v. Bowen</u>, 834 F.2d 635, 640 (7th Cir. 1987)).

### III.

Having reviewed the record <u>de novo</u>, the court concludes that the ALJ appropriately developed and weighed the evidence, and the magistrate judge accurately and fully

evaluated the ALJ's decision. Contrary to Perdue's contention, now reasserted here, the ALJ committed no error by declining Perdue's representative's offer to pursue additional information from Dr. Omar. The magistrate judge aptly explains this in a passage of the PF&R that Perdue substantially quotes in her objections:

> Although the ALJ has a duty to fully and fairly develop the record, he is not required to act as plaintiff's counsel. Claimant bears the burden of establishing a prima facie entitlement to benefits.
>
> The ALJ had no duty to "recontact" Dr. Omar because the ALJ had sufficient evidence to make a decision on the record as a whole regarding the severity of Claimant's agoraphobia and OCD. It is noted that Dr. Omar is not a mental health physician and that several mental health professionals evaluated Claimant in the preparation of this claim.

PF&R at 19. The ALJ permissibly, and logically, relied on reports already on the record from mental health professionals, including Ms. Akers, Dr. Todd, and Dr. Lilly, all psychologists. PF&R at 19-20. Likewise, the ALJ's comment regarding "being asked to make a decision on the record" does not, as Perdue suggests, indicate a failure to fully develop the record because the record already provided sufficient evidence for that decision.

Additionally, as the magistrate also found, no further development of the record was necessary because the ALJ fully accounted for functional limitations that the various medical sources identified.  Contrary to Perdue's second objection, the magistrate judge correctly concluded that "the ALJ found the impairments [Ms. Akers] identified as severe and gave Claimant the benefit of any doubts."  Id. at 14, 20.  The ALJ found that Perdue has the residual functional capacity to do "simple, routine, and repetitive tasks" and should be limited to only "occasional contact with the public, co-workers, and supervision."  Tr. 23.  Thus, the ALJ gave significant weight to Ms. Aker's evaluation, and his findings demonstrate consideration of a full and sufficient record regarding Perdue's mental impairments.

As is thoroughly discussed by the magistrate judge in her PF&R, including the reasons stated above, the ALJ's decision is supported by substantial evidence.

IV.

For the foregoing reasons, and having reviewed the record de novo, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

2. That the Commissioner's final decision be, and it hereby is, affirmed;

3. That judgment be, and it hereby is, granted in favor of the Commissioner; and

4. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

ENTER: December 26, 2012

John T. Copenhaver, Jr.
United States District Judge